## Abraham B. Steinhour, Appellant, v. Dora Merrilees et al., Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by Abraham B. Steinhour, plaintiff, against Dora Merrilees and others, defendants, to recover $1,200 advanced by plaintiff under a contract with defendants for the purchase of certain real estate. From a judgment for defendants, plaintiff appeals.

HUMPHREY & ANDERSON, for appellant.

BEACH & TRAPP, for appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. WILLS, § 383*—*when estates in reversion and contingent remainder created.* A will devising the testator's estate in part to a certain daughter for life, and upon her death such part to the heirs of her body or their survivors, and providing that in case of the death of any of the testator's daughters leaving no heirs of her body such daughter's share should descend to the testator's surviving daughters, *held* to create estates in reversion and contingent remainder based on the life estate.

2. ESTATES, § 11*—*when life estate and reversion merged in same person by conveyance.* When the members of a class who are by the terms of a will to take the remainder at the death of a life tenant cannot be ascertained until that event takes place, and the life tenant and the owner of the reversion convey their interests to

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the same person, the life estate and the reversion merge in such person.

3. REMAINDERS, § 16*—*when contingent remainder defeated.* A contingent remainder is defeated by merger of the life estate and the reversion.

4. APPEAL AND ERROR, § 1471*—*when admission of evidence of oral modification of contract is harmless error.* In an action to recover money advanced under a contract for the purchase of real estate conditioned upon defendant furnishing a deed conveying good title, the admission of evidence that a modification of the contract was made in a conversation between the parties whereby it was agreed that certain deeds tendered should be accepted as conveying good title, *held,* even if erroneous, to be harmless error where the deeds tendered were sufficient to convey good title.

5. APPEAL AND ERROR, § 384*—*when objections may not be availed of on appeal.* Objections not presented to or passed upon by the trial court cannot be availed of on appeal.